IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES A. COOK, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-530-JJF |
| MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security, | : |
| Defendant. | : |

Paul G. Enterline, Esquire of PAUL G. ENTERLINE, ESQUIRE, Georgetown, Delaware.

Attorney for Plaintiff.

David C. Weiss, Esquire, United States Attorney, and Patricia A. Stewart, Esquire, Special Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware. Of Counsel: Eric P. Kressman, Esquire, Acting Regional Chief Counsel and Edward C. Tompsett, Esquire, Assistant Regional Counsel, of the SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.

Attorneys for Defendant.

**MEMORANDUM OPINION**

April 30, 2010
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is an appeal pursuant to 42 U.S.C. § 405(g) filed by Plaintiff, James A. Cook, seeking review of the final administrative decision of the Commissioner of the Social Security Administration (the "Administration") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f. Plaintiff has filed a Motion For Summary Judgment (D.I. 7) requesting the Court to reverse the decision of the Commissioner and remand this matter to the Administration for a new hearing. In response to Plaintiff's Motion, Defendant has filed a Cross-Motion For Summary Judgment (D.I. 9) requesting the Court to affirm the Commissioner's decision. For the reasons set forth below, Defendant's Cross-Motion For Summary Judgment will be granted, and Plaintiff's Motion For Summary Judgment will be denied. The decision of the Commissioner dated March 19, 2008, will be affirmed.

## BACKGROUND

I. Procedural Background

Plaintiff filed his application for SSI on April 5, 2006, alleging disability since July 1, 2001, primarily due to severe bi-polar disorder. (Tr. 13, 84, 102). Plaintiff's application was denied initially and upon reconsideration. (Tr. 56-60, 61-65). Thereafter, Plaintiff requested a hearing before an

1

administrative law judge (the "A.L.J."). On March 19, 2008, the A.L.J. issued a decision denying Plaintiff's application for SSI. (Tr. 8-21). Following the unfavorable decision, Plaintiff timely appealed to the Appeals Council. (Tr. 6-7). On August 1, 2008, the Appeals Council denied Plaintiff's request for review, and the A.L.J.'s decision became the final decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 107 (2000).

After completing the process of administrative review, Plaintiff filed the instant civil action pursuant to 42 U.S.C. § 405(g) seeking review of the A.L.J.'s decision denying his claim for SSI. In response to the Complaint, Defendant filed an Answer (D.I. 3) and the Transcript (D.I. 5) of the proceedings at the administrative level.

Thereafter, Plaintiff filed a Motion For Summary Judgment and Opening Brief in support of the Motion. In response, Defendant filed a Cross-Motion For Summary Judgment and a Combined Opening Brief in support of his Cross-Motion and Opposition to Plaintiff's Motion requesting the Court to affirm the A.L.J.'s decision. Plaintiff has filed a Reply Brief. Accordingly, the Court will proceed to address the merits of Plaintiff's claims.

## II. Factual Background

### A. Plaintiff's Medical History, Condition and Treatment

At the time of his hearing before the A.L.J., Plaintiff was 48 years old and defined as a younger individual under 20 C.F.R. § 416.963. Plaintiff completed high school and has past work experience as a laborer in a factory, concrete company and cork company. He also worked as a line attendant in a Ford dealership, and most recently, as a laborer stacking pallets. (Tr. 23). Plaintiff lost his most recent job because the company closed in 2000. (Tr. 23, 102). Plaintiff's detailed medical history is contained in the record; however, the Court will provide a brief summary of the pertinent evidence.

Plaintiff was hospitalized twice for mental illness and threatening to commit suicide. (Tr. 205, 223, 277, 171-173). He takes Lexapro and Abilify and has participated in individual and group therapy. (Tr. 173, 177). Plaintiff treated with Allen Weiss, M.D., a psychiatrist, and Ken Betts, a Licensed Professional Counselor of Mental Health (Tr. 268-269, 277-279). Plaintiff originally reported to Dr. Weiss and Mr. Butts with a flat or blunt affect. (Tr. 271, 273, 278). Over time and with his medication, his therapist and psychiatrist noted that his condition improved. At the six month and one year milestones, Dr. Weiss found no manic and no depressive symptoms. (Tr. 318, 320). As of September 2007, Plaintiff stopped treatment with Mr.

3

Betts because he had achieved the goals of his therapy. (Tr. 313).

In his treatment notes, Mr. Betts remarked that Plaintiff is not working due to transportation problems. (Tr. 313). Specifically, Plaintiff's driver's license was suspended due to prior DUI convictions. (Tr. 24, 32, 205, 313, 264, 262). With the improvement of his condition, however, Plaintiff's therapy records indicate that he considered taking steps to have his driver's license reinstated. Plaintiff expressed his hope that he could get his driver's license back so that he could return to work. (Tr. 317). Plaintiff also stated that he was working for a neighbor who paid him for his services. (Tr. 317).

Plaintiff has conflicting residual functional capacity ("RFC") assessments in the record. Assessments from a consulting psychologist, Dr. Lamb, who examined Plaintiff, and a non-examining state agency psychologist, Dr. King, suggest no significant limitations or mild limitations on Plaintiff's abilities to work with a few moderate limitations in daily activities (Tr. 208) and ability to carry out detailed instructions and maintain concentration for extended periods of time (Tr. 211). Dr. Lamb's assessment also included a moderately severe restriction on Plaintiff's ability to cope with the pressures of ordinary work. (Tr. 209).

In contrast, the RFC completed by Plaintiff's psychiatrist, Dr. Weiss, indicates primarily moderately severe to severe restrictions on most areas of work related activities, including a moderately severe restriction on Plaintiff's ability to cope with the pressures of ordinary work. In this assessment, Dr. Weiss also wrote "[h]istory doing poorly," but did not elaborate or provide treatment notes to substantiate this statement. (Tr. 298, 322). In a similar vein, Mr. Betts wrote a note concluding that Plaintiff had not improved, without explaining the contradictory findings in his treatment notes. (Tr. 300).

    B.   <u>The A.L.J.'s Decision</u>

At the hearing, Plaintiff was represented by counsel, and Plaintiff testified. The A.L.J. consulted a vocational expert and asked her to consider a hypothetical person with, among other limitations, the need for simple, routine, unskilled, low stress, low concentration and low memory jobs and moderate restrictions in social interactions and the ability to maintain concentration. The vocational expert identified at least three jobs such a person could perform: (1) material handler with 400 jobs locally and 46,000 jobs nationally, (2) a quality control worker with 700 jobs locally and 51,000 jobs nationally, and (3) a laundry worker with 500 jobs locally and 48,000 jobs nationally. (Tr. 49).

In his decision dated March 19, 2008, the A.L.J. found that Plaintiff suffered from major depressive disorder, as well as

adhesive capsulitis, tendonitis and impingement syndrome. The A.L.J. noted Plaintiff's diabetes but found it well controlled with medication. The A.L.J. further found that Plaintiff had the residual functional capacity to perform light work with certain restrictions on reaching, pushing and pulling, and the further restriction that Plaintiff be limited to "simple, unskilled work in low stress occupations which do not require any significant reading or writing, or more than limited interaction with coworkers or supervisors." (Tr. 15). Based on this residual functional capacity, the A.L.J. determined that Plaintiff could not perform his past relevant work, but could perform a number of other jobs existing in significant numbers in the national economy. Accordingly, the A.L.J. concluded that Plaintiff was not under a disability within the meaning of the Act.

## STANDARD OF REVIEW

Findings of fact made by the Commissioner of Social Security are conclusive, if they are supported by substantial evidence. Accordingly, judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). In making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record. Id. In other words, even if the reviewing court would have decided the

case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id. at 1190-91.

The term "substantial evidence" is defined as less than a preponderance of the evidence, but more than a mere scintilla of evidence. As the United States Supreme Court has noted, substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 555 (1988).

With regard to the Supreme Court's definition of "substantial evidence," the Court of Appeals for the Third Circuit has further instructed, "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores or fails to resolve a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the substantial evidence standard embraces a qualitative review of the evidence, and not merely a quantitative approach. Id.; Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

## DISCUSSION

### I. Evaluation Of Disability Claims

Within the meaning of social security law, a "disability" is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3). To be found disabled, an individual must have a "severe impairment" which precludes the individual from performing previous work or any other "substantial gainful activity which exists in the national economy." 20 C.F.R. §§ 404.1505, 416.905. In order to qualify for disability insurance benefits, the claimant must establish that he or she was disabled prior to the date he or she was last insured. 20 C.F.R. § 404.131, Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990). The claimant bears the initial burden of proving disability. 20 C.F.R. §§ 404.1512(a), 416.912(a); Podeworthy v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).

In determining whether a person is disabled, the Regulations require the A.L.J. to perform a sequential five-step analysis. 20 C.F.R. §§ 404.1520, 416.920. In step one, the A.L.J. must determine whether the claimant is currently engaged in substantial gainful activity. In step two, the A.L.J. must

8

determine whether the claimant is suffering from a severe impairment. If the claimant fails to show that his or her impairment is severe, he or she is ineligible for benefits. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

If the claimant's impairment is severe, the A.L.J. proceeds to step three. In step three, the A.L.J. must compare the medical evidence of the claimant's impairment with a list of impairments presumed severe enough to preclude any substantial gainful work. Id. at 428. If the claimant's impairment meets or equals a listed impairment, the claimant is considered disabled. If the claimant's impairment does not meet or equal a listed impairment, the A.L.J.'s analysis proceeds to steps four and five. Id.

In step four, the A.L.J. is required to consider whether the claimant retains the residual functional capacity to perform his or her past relevant work. Id. The claimant bears the burden of establishing that he or she cannot return to his or her past relevant work. Id.

In step five, the A.L.J. must consider whether the claimant is capable of performing any other available work in the national economy. At this stage the burden of production shifts to the Commissioner, who must show that the claimant is capable of performing other work if the claimant's disability claim is to be denied. Id. Specifically, the A.L.J. must find that there are

other jobs existing in significant numbers in the national economy, which the claimant can perform consistent with the claimant's medical impairments, age, education, past work experience and residual functional capacity. Id. In making this determination, the A.L.J. must analyze the cumulative effect of all of the claimant's impairments. At this step, the A.L.J. often seeks the assistance of a vocational expert. Id. at 428.

## II. Whether The A.L.J.'s Decision Is Supported By Substantial Evidence

By his Motion, Plaintiff contends that the A.L.J.'s decision is not supported by substantial evidence. Specifically, Plaintiff contends that the A.L.J. (1) failed to give adequate weight to the opinions of Plaintiff's treating psychiatrist, (2) failed to properly consider Plaintiff's subjective complaints, and (3) failed to adequately consider Plaintiff's "moderately severe" impairment in his ability to "cope with pressures of ordinary work (i.e. meeting quality and production norms)," which was noted by both Plaintiff's treating psychiatrist, Dr. Weiss, and the examining psychologist, Dr. Lamb, who provided a less severe overall evaluation of Plaintiff's condition than Dr. Weiss. (D.I. 8, citing Tr. 209, 322).

The Court has reviewed the decision of the A.L.J. in light of the record evidence and concludes that it is supported by substantial evidence. Although a treating physician's opinion is entitled to great weight, a treating physician's statement that a

plaintiff is unable to work or is disabled is not dispositive. The A.L.J. must review all the evidence and may discount the opinions of treating physicians if they are not supported by the medical evidence, provided that the A.L.J. explain his or her reasons for rejecting the opinions adequately. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 42 (3d Cir. 2001); <u>Mason v. Shalala</u>, 994 F.2d 1058, 1067 (3d Cir. 1993).

In this case, the A.L.J. identified the proper standard for consideration of the opinions of Plaintiff's treating psychiatrist, discussed those opinions and concluded that they were not entitled to significant weight because they were contradicted by the contemporaneous treatment notes of the psychiatrist. (Tr. 15). The Court cannot conclude that the A.L.J.'s assessment was erroneous.

Plaintiff contends that the A.L.J. improperly discounted the opinion of the vocational expert that "a moderately severe impairment in [Plaintiff's] ability to meet production norms would reduce his productivity to no more than 80% and, therefore, [Plaintiff] would be prevented from performing gainful employment at any exertional or skill level." (D.I. 8 at 6). However, Plaintiff's argument misstates the conclusions of the vocational expert. The vocational expert's opinion was premised on more than just a moderately severe restriction on the ability to cope with work pressures and included numerous other moderate

restrictions that were consistent with the RFC provided by Dr. Weiss, but not with the RFC provided by Dr. Lamb.  In the Court's view, however, these other moderate restrictions are not supported by the record, most particularly the contemporaneous notes of Dr. Weiss, and as the Court has indicated, the A.L.J. did not err in declining to give controlling weight to the opinion of Dr. Weiss.

Plaintiff also contends that he was denied due process, because the A.L.J. failed to fully develop the record.  In particular, Plaintiff contends that the medical records show that Plaintiff suffers from a consistently flat affect in his demeanor and that the vocational expert could observe this affect at the hearing.  Plaintiff contends that the A.L.J. improperly precluded counsel from exploring with the vocational expert how this would impact Plaintiff's competitiveness in the job market.  Thus, Plaintiff contends that he was denied a full and fair hearing.

It is the role of the A.L.J. and not the vocational expert to assess the plaintiff's demeanor during the hearing and make credibility determinations.  20 C.F.R. § 416.929; Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).  In addition, the vocational expert is not consulted for medical opinions.  Rivera v. Barnhart, 239 F. Supp. 2d 413, 420 (D. Del. 2002).  Accordingly, the Court finds no error in the A.L.J.'s decision to preclude counsel from asking the vocational expert questions

12

about Plaintiff's affect and/or demeanor at the hearing. Further, the Court notes that while the record suggests that Plaintiff initially presented to his psychiatrist and therapist with a flat affect, his disposition improved significantly as a result of his treatment. In addition, the A.L.J. considered Plaintiff's demeanor and the testimony of his mother regarding his demeanor and its impact on his ability to relate to others in rendering his decision. (Tr. 14). The A.L.J. noted the overwhelming evidence in the form of the contemporaneous treatment notes of Plaintiff's psychiatrist and concluded that Plaintiff was not so limited by his mental mood disorder so as to be precluded from substantial gainful employment. Accordingly, the Court concludes that Plaintiff is not entitled to a new hearing on his claim that the record was not adequately developed.

In sum, the Court concludes that the A.L.J.'s decision is supported by substantial evidence. Among other things, the Court in particular notes the contemporaneous treatment notes of Plaintiff's treating psychiatrist regarding the significant improvement in his condition, the assessments of the state agency and consultative examining psychologists, and Plaintiff's testimony and other evidence regarding his activities. Accordingly, the Court will affirm the decision of the Commissioner denying Plaintiff's claim for SSI.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant's Cross-Motion For Summary Judgment and deny Plaintiff's Motion For Summary Judgment.  The decision of the Commissioner dated March 19, 2008 will be affirmed.

An appropriate Order will be entered.